Burt THOMAS, Movant,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Respondent.

James Melvin Bland, III Movant,

v.

United States Department of Homeland Security, Respondent.

Gary Walker, Movant,

v.

United States Department of Homeland Security, Respondent.

Misc. Nos. 11–0636 RMC/DAR, 11–0638 DAR, 11–0639 JEB/DAR.

United States District Court, District of Columbia.

April 13, 2012.

Tamara L. Miller, Tamara Louise Miller, MillerMasciola, Washington, DC, for Movant.

Laurie J. Weinstein, United States Attorney's Office, Washington, DC, for Respondent.

### MEMORANDUM ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

Movants, Burt Thomas, James M. Bland, III and Gary Walker, filed separate miscellaneous actions, through which each of them sought "an order preventing the government from obtaining access to [his] financial records[,]" pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* ("RFPA"). Motion[s] for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Misc. No. 11–0638, Document No. 1; Misc. No. 11–0636, Document No. 1; Misc. No. 11–0639, Document No. 1) at 1.

Pursuant to LCvR 40.5(b)(2), Movants filed notices of related cases, advising the court that these three cases involve common issues of fact and arise from the same event or transaction. *See* Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court (Misc. No. 11–0636, Document Nos. 3, 4).

Movant Bland's action was directly reassigned to the undersigned for all purposes. *See* Referral to Magistrate Judge (Misc. No. 11–0638, Document No. 4) at 1. The remaining were referred to the undersigned for full case management. *See* Referral to Magistrate Judge (Misc. No. 11–0636, Document No. 6); Referral to Magistrate Judge (Misc. No. 11–0639, Document No. 3).

Respondent, United States Department of Homeland Security ("DHS"), provided to the court a consolidated response *in camera* and *ex parte.* United States Department of Homeland Security's Consolidated Response to Movants Bland's, Thomas's, and Walker's Customer Challenges to Financial Records ("Response"). *See* Notice of Filing Consolidated Response *In Camera* (Misc. No. 11–0638, Document No. 5; Misc. No. 11–0636, Document No. 7; Misc. No. 11–0639, Document No. 5) at 1–2.

Movants then filed notices of violation of the RFPA by Respondent, Navy Federal Credit Union, and Wachovia Bank, and requested that the court quash the subpoenas and award civil penalties to Movants. Notice of Violation of the Right to Financial Privacy Act of 1978 and Request for Civil Penalties ("Notice of Violation") (Misc. No. 11–0638, Document No. 6; Misc. No. 11–0636, Document No. 8; Misc. No. 11–0639, Document No. 6) at 1–2. Movants supplemented their notices of violation to include a violation of the RFPA by USAA Federal Savings Bank. Supplemental Notice of Violation of the Right to

Financial Privacy Act of 1978 and Request for Civil Penalties ("Supplemental Notice of Violation") (Misc. No. 11–0638, Document No. 9; Misc. No. 11–0636, Document No. 11; Misc. No. 11–0639, Document No. 9) at 1. Respondent filed a reply to both the Notice of Violation and the Supplemental Notice of Violation. *See* Statement of Respondent United States Department of Homeland Security Regarding Movants' Notice of Violation of the Right to Financial Privacy Act of 1978 and Request for Civil Penalties ("Statement of Respondent Regarding Notice of Violation") (Misc. No. 11–0638, Document No. 10; Misc. No. 11–0636, Document No. 12; Misc. No. 11–0639, Document No. 10) at 1–10; Statement of Respondent United States Department of Homeland Security Regarding Movants' Supplemental Notice of Violation of the Right to Financial Privacy Act of 1978 and Request for Civil Penalties ("Statement of Respondent Regarding Supplemental Notice of Violation") (Misc. No. 11–0638, Document No. 11; Misc. No. 11–0636, Document No. 13; Misc. No. 11–0639, Document No. 11) at 1–5.

Now pending for consideration by the undersigned are Movants' Motions for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Misc. No. 11–0636, Document No. 1, Misc. No. 11–0638, Document No. 1;; Misc. No. 11–0639, Document No. 1) at 1. Movants maintain that the "Respondent . . . has acted with reckless disregard for their right to financial privacy and not only

issued subpoenas for which there is no legitimate law enforcement inquiry, but also has failed to substantially comply with the requirements . . . under the Right to Financial Privacy Act." Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 4.

Upon consideration of the parties' written submissions and the entire record herein, the undersigned will order that each motion be denied.[1]

**BACKGROUND**

Movants Bland and Walker are the creators of a consulting firm, Seven 7 Agents Consulting Group ("SACG"), LLC, which specializes in designing intelligence and management programs and systems, and providing law enforcement related training for federal, state, and local governments, corporate entities, and individuals. Movants' Motions (Misc. No. 11–0638, Document No. 1, Misc. No. 11–0639, Document No. 1) at 2. Movant Thomas is the Federal Emergency Management Agency ("FEMA") Chief Security Officer. Movant's Motion (Misc. No. 11–636, Document No. 1) at 2–3. On November 4, 2011, DHS's Office of the Inspector General ("DHS–OIG") hand-delivered administrative subpoenas *duces tecum* to the respective financial institutions of Movants, and sent an undated notice and copy of the subpoenas by registered first-class mail to Movants at their residences, in accordance with the RFPA, 12 U.S.C. § 3401 *et seq.*[2]

---

1. Misc. No. 11–0638 was directly reassigned to the undersigned by the United States District Judge initially assigned; Misc. No. 11–0636 and Misc. No. 11–0639 were each referred for full case management. The undersigned finds, with respect to the two actions referred for full case management, that determination of the motions by order is entirely consistent with applicable law. *See* 28 U.S.C. § 636(b)(1). Accordingly, the undersigned rules by order, rather than report and recom-

mendation, in each of these miscellaneous actions.

2. Movant Bland's financial records are held by Wachovia Bank; Movant Thomas' financial records are held by USAA Federal Savings Bank; Movant Walker's financial records are held by Navy Federal Credit Union. Movants' Motions (Misc. No. 11–0636, Document No. 1; Misc. No. 11–0638, Document No. 1; Misc. No. 11–0639, Document No. 1) at 1.

Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 2. The subpoenas were issued as part of an investigation being conducted by DHS–OIG regarding "contract fraud and/or conflict of interests" involving a contract with FEMA. Movants' Motions (Misc. No. 11–0636, Document No. 1; Misc. No. 11–0638, Document No. 1; Misc. No. 11–0639, Document No. 1) at 2.

On November 18, 2011, Movants Bland and Walker sent challenges to the subpoenas to DHS–OIG by faxed transmission. Response at 8. On November 21, 2011, Movants Bland and Walker served the challenges to DHS–OIG by certified mail. *Id.* Movant Thomas was in Nairobi, Kenya from October 29, 2011 until November 18, 2011, having reported his travel arrangements to his FEMA superiors. Movant's Motion (Misc. No. 11–0636, Document No. 1) at 3. Movant Thomas received the documents on November 18, 2011, when he returned to the United States, and he sent a faxed transmission of his challenge to the subpoena to DHS–OIG on November 21, 2011. *Id.; see also* Response at 8. As of the date of Respondent's Response, DHS–OIG had not received a copy of Movant Thomas' challenge by certified mail or any other means of delivery. Response at 8.

On November 16, 2011, the Navy Federal Credit Union provided Movant Walker's subpoenaed financial records to DHS–OIG. Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 3. On an unspecified date, Wachovia Bank also sent documents related to Movant Bland. *Id.* It is unknown to

Movants whether the USAA Federal Savings Bank sent documents related to Movant Thomas. *Id.*

Upon receiving the financial records of Movant Walker from the Navy Federal Credit Union on November 16, 2011, DHS–OIG Special Agent K.C. Yi performed a "cursory" review of said records. Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 3. Respondent maintains that Movant Bland's documents were neither opened nor reviewed by Special Agent Yi or anyone else, and that both sets of records remain sealed. *Id.* Movants were notified of this production of documents and brief review of Movant Walker's records by Special Agent Yi in a letter from Respondent dated December 16, 2011. *Id.*

## CONTENTIONS OF THE PARTIES

Movants contend in their respective motions that "[t]here is no demonstrable reason to believe that there is a legitimate law enforcement inquiry" against them. Movants' Motions (Misc. No. 11–0636, Document No. 1; Misc. No. 11–0638, Document No. 1; Misc. No. 11–0639, Document No. 1) at 2. Movants further contend that "[t]here is no reasonable belief that the financial records sought are relevant to OIG's investigation." *Id.* at 3. In addition, Movant Thomas claims in his motion that DHS–OIG "knowingly sent" the request for his financial records on November 4, 2011, when they knew he would be out of the country for three weeks, starting October 29, 2011, as he reported his travel arrangements to his FEMA superiors and the FEMA Security Officer as required,

---

DHS–OIG also sought the personal financial records of Movant Thomas' wife, Mutanu Mutuvi, in a subpoena to USAA Federal Savings Bank, although Movant Thomas claims that Mutuvi does not have a bank account with USAA. Exhibit E (Misc. No. 11–0636, Document No. 1–5) at 1–3; *see also* Movant's Motion (Misc. No. 11–0636, Document No. 1) at 2.

based on his top secret security clearance. Movant's Motion (Misc. No. 11–0636, Document No. 1) at 3.

Respondent maintains that there is a demonstrable reason to believe that their law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry. Response at 1–16. Because Respondent's response contains sensitive law enforcement information, the court will limit its discussion of the facts.

Movants also contend that Respondent, Navy Federal Credit Union, Wachovia Bank, and USAA Federal Savings Bank violated the RFPA by producing the financial records of Movants prematurely and by Special Agent Yi's review of Movant Walker's financial records. Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 1; Supplemental Notice of Violation (Misc. No. 11–0636, Document No. 11; Misc. No. 11–0638, Document No. 9; Misc. No. 11–0639, Document No. 9) at 1. Movants request that this court order the subpoenas to be quashed and award civil penalties to Movants, including monetary damages, punitive damages, and attorneys' fees, with a finding that there has been a willful or intentional violation of the RFPA. Notice of Violation (Misc. No. 11–0636, Document No. 8; Misc. No. 11–0638, Document No. 6; Misc. No. 11–0639, Document No. 6) at 2, 8.

Respondent argues, in its response to Movants' notices of violation, that the statutory violation pertains only to Movant Walker; therefore, Movants Bland and Thomas cannot support a motion to quash the subpoenas and recover damages. Statement of Respondent Regarding Notice of Violation (Misc. No. 11–0636,

Document No. 12; Misc. No. 11–0638, Document No. 10; Misc. No. 11–0639, Document No. 10) at 1–2. Respondent further submits that this court lacks jurisdiction to entertain Movant Walker's request for money damages, as the instant proceeding is one to enjoin the Government from obtaining Movants' financial records, and the RFPA requires Movant Walker to file a separate action setting forth in a complaint any alleged violation of his customer rights. *Id.* at 2.

**APPLICABLE STANDARDS**

Federal courts shall accord[ ] substantial deference to agency-issued subpoenas, and should uphold such a subpoena so long as it is for a proper purpose, the information sought is relevant to that purpose, and the statutory procedures are observed. The court's role in a subpoena enforcement proceeding is strictly limited to inquiring whether the above requirements have been met . . . As long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena.

*In re Bank United F.S.B. (10061) Coral Gables, Florida,* No. C 11–80223, 2012 WL 1225931, at *2 (N.D.Cal. April 11, 2012) (internal quotations and citations omitted).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request" within "ten days of service or within fourteen days of mailing" of said summons or subpoena, with "copies served upon the Government authority."[3]  12 U.S.C. § 3410(a). The

---

3.  Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized represen-

Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984).

A motion to quash an administrative summons or an application to enjoin a Government authority shall be filed "in the appropriate United States district court." 12 U.S.C. § 3410(a). Courts have held that, "if a motion to quash is not timely filed ... a district court does not have subject matter jurisdiction to hear the challenge." *Swann v. U.S. Dep't of Hous. and Urban Dev.*, No. CIV. A. 05–492, 2006 WL 148738, at *1 (D.D.C. January 19, 2006) (citing *Siegfried v. Inspector Gen. of the U.S. Dep't of Agric.*, 163 F.Supp.2d 170, 173 (2001)) (citations omitted).

If the court finds that the customer has complied with section 3410(a), it shall order the Government authority to file a sworn response, and the response may be filed *in camera*, provided the Government furnishes the reasons which make such review appropriate. 12 U.S.C. § 3410(b).

■ The court shall deny the motion or application if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c). There are only three grounds on which a district court may quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied with the RFPA." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d

875, 882 (5th Cir.1989); *see also Bank United*, 2012 WL 1225931, at *4 (The movant bears the burden of proving that the subpoena is overbroad or otherwise not in accordance with the requirements of the RFPA.); *Nimmer v. Securities and Exchange Commission*, No. 8:11CV162, 2011 WL 3156791 at *1 (D.Neb. July 26, 2011) ("The customer must state either the reasons the financial records are not relevant to a legitimate law enforcement inquiry, or that the Government authority has not substantially complied with the RFPA.") (citing 12 U.S.C. § 3410). This court found, in *Friedman v. Inspector Gen. of U.S. Dep't of State*, that "untimeliness is sufficient grounds for denying a motion to quash." *Friedman v. Inspector Gen. of U.S. Dep't of State*, No. CIV. A. 92–2312, 1992 WL 321510, at *1 (D.D.C. October 21, 1992) (citations omitted).

■ These challenge procedures constitute the "sole judicial remedy" available to customers who oppose the disclosure of their financial records pursuant to the RFPA, 12 U.S.C. § 3401 *et seq.* 12 U.S.C. § 3410(e). The RFPA provides "the exclusive means for a customer to challenge the disclosure of materials subpoenaed from the customer's bank." *Garvin v. U.S. S.E.C.*, No. CIV. A. 93–2610, 1994 WL 72432, at *1 (D.D.C. February 16, 1994) (citing *Jerry T. O'Brien, Inc.*, 467 U.S. at 746, 104 S.Ct. 2720).

Pursuant to 12 U.S.C. § 3405, a Government authority may obtain financial records pursuant to an administrative subpoena only if:

(1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry; (2) a copy of the subp[o]ena ... has been served upon the customer or mailed to

---

tative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or

has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

his last known address on or before the date on which the subp[o]ena ... was served on the financial institution together with [a] notice which shall state with reasonable specificity the nature of the law enforcement inquiry ...; (3) ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with.

12 U.S.C. § 3405; *see also Nimmer,* 2011 WL 3156791, at *1 ("If the court finds 'no demonstrable reason to believe that the law enforcement inquiry is legitimate' or that 'the records sought are not relevant to the inquiry,' then the court shall grant the customer's motion.") (citing 12 U.S.C. § 3410(c)).

Any agency or department of the United States or financial institution that obtains or discloses financial records in violation of the RFPA is liable to the customer to whom such records relate in an amount equal to the sum of:

(1) $100 without regard to the volume of records involved; (2) any actual damages sustained by the customer as a result of the disclosure; (3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and (4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

12 U.S.C. § 3417.

## DISCUSSION

In a 2006 matter similar to the instant actions, another judge of this court recommended that the movant's motion to quash an administrative subpoena *duces tecum* be denied because it was untimely and sought information relevant to a legitimate law enforcement inquiry. *Swann,* 2006 WL 148738, at *1. In *Swann,* the Office of the Inspector General ("OIG") had been investigating the disbursement of funds from HOPE VI grants, administered by the Department of Housing and Urban Development ("HUD") to community organizations in the District of Columbia. The movant was the Executive Director of a community organization receiving such grant funds. *Id.* OIG and HUD had served the movant with an administrative subpoena *duces tecum,* and the movant subsequently filed a motion to quash the subpoena pursuant to the RFPA, 12 U.S.C. § 3401 *et seq. Id.* Limiting his discussion of the facts because of the sensitive nature of the law enforcement information contained within the government's *in camera* response, the court analyzed the procedural requirements set forth in the statute regarding a customer's challenge to a subpoena, and made a determination about the untimeliness of the movant's filling and the consequent lack of subject matter jurisdiction of the court. *Id.* The court also addressed the merits of the case, and, without including specific factual details, found that "there is a demonstrable reason to believe that their law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." *Id.* On the basis of these findings, the court recommended that the movant's motion to quash the subpoena be denied. *Id.*

The instant case is analogous to *Swann* in several ways, and Movants' motions must accordingly be denied. As in *Swann,* there is a threshold issue of whether this court has subject matter jurisdiction, at the core of which is the question of whether Movants timely filed their motions. DHS–OIG served the financial institutions

of Movants and sent a copy of the subpoenas to Movants' last known addresses by certified mail on November 4, 2011. Response at 8. On November 18, 2011, Movants Bland and Walker sent their challenges to the subpoenas to DHS–OIG by faxed transmission. *Id.* On November 21, 2011, Movants Bland and Walker served DHS–OIG by certified mail. *Id.*

■ Section 3410(a) states that service shall be made "by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice[,]" and "delivery" has the meaning stated in Rule 5(b) of the Federal Rules of Civil Procedure. 12 U.S.C. § 3410(a). Movant Bland's and Walker's service by certified mail on November 21, 2011 is untimely, as their motions were filed more than fourteen days after the mailing of the subpoenas. Although they also faxed their challenges on November 18, 2011 to DHS–OIG, which is within fourteen days of mailing, Federal Rule of Civil Procedure 5(b) does not expressly permit service by faxed transmission and only permits delivery by electronic or any other means if there is consent in writing. Fed.R.Civ.P. 5(b). Movants Bland and Walker did not submit their challenges timely, and therefore, this court does not have subject matter jurisdiction to hear their challenges.[4]

Movant Thomas sent a faxed transmission of his challenge to DHS–OIG on November 21, 2011, but at the time Respondent filed its response, DHS–OIG had not received a copy of Movant Thomas' challenge by certified mail or any other means of delivery. Response at 8. Movant Thomas did not timely submit his challenge, nor did he comply with the requirements governing service set forth in 12 U.S.C. § 3410(a). Movant Thomas contends that DHS–OIG "knowingly sent" the request for his financial records on November 4, 2011, when they knew he would be out of the country for three weeks, starting October 29, 2011, as he reported his travel arrangements to his FEMA superiors and the FEMA Security Officer as required, based on his top secret security clearance. Movant's Motion (Document No. 1, 11–mc–0636) at 3.

This court cannot find that DHS–OIG acted intentionally to circumvent Movant Thomas' ability to respond in a timely manner. Indeed, it is not inevitable that DHS–OIG would have had access to information provided to Movant Thomas' FEMA superiors and the FEMA Security Officer regarding his three-week vacation, nor does Movant Thomas cite any authority for such a proposition. In light of the Supreme Court's holding that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements[,]" and that Movant Thomas has failed to meet such requirements, this court lacks subject matter jurisdiction to hear Movant Thomas' challenge as well. *See Jerry T. O'Brien, Inc.,* 467 U.S. at 745, 104 S.Ct. 2720.

■■ Even if Movants had filed timely challenges, this court would deny the motions to quash the administrative subpoenas on the merits. *See Swann,* 2006 WL 148738, at *2. Upon review of Respondent's response, this court finds that there is a demonstrable reason to believe that DHS–OIG's law enforcement inquiry is legitimate, and there is a reasonable belief that the records sought are relevant to

---

4. Because this court lacks subject matter jurisdiction to hear Movants' challenges, the court will not address the issue of money damages to Movants due to the alleged violations of the RFPA by Respondent and the three financial institutions.

that inquiry.[5] Movants' "conclusory argument[s]" that the subpoenas were issued in reckless disregard of their rights "does not satisfy [their burdens under the Right to Financial Privacy Act]." *Bank United*, 2012 WL 1225931, at *4.

Courts in other jurisdictions have recently ruled in like fashion. For example, in *Olive v. Tenn. Valley Auth.*, the Tennessee Valley Authority ("TVA") issued an administrative subpoena to a financial institution for the financial records of the movant in connection with an investigation about the possible embezzlement of funds involving the movant. *Olive v. Tenn. Valley Auth.*, No. 3:11–MC–13, 2011 WL 7457730, at *1 (E.D.Tenn. September 21, 2011). The movant moved the court for an order preventing TVA from obtaining access to her financial records. *Id.* The court conducted a concise analysis, similar to that of *Swann*, in which it determined that the movant's motion was untimely filed pursuant to the RFPA, 12 U.S.C. § 3410(a), resulting in a lack of jurisdiction for the court. *Id.* at *1–2. The court held that even if the movant had filed a timely motion, the court would have found that there "is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." *Id.* at *2 (quoting 12 U.S.C. § 3410(c)). The court therefore recommended that the movant's motion be denied. *Olive*, 2011 WL 7457730, at *1.

Also, in *Douglas v. U.S.*, the court denied a motion to quash subpoenas issued by the United States to obtain financial records of individuals from a financial institution in relation to a law enforcement

inquiry. *Douglas v. U.S.*, 410 F.Supp.2d 292, 294 (S.D.N.Y.2006). Although the court held that the motion to quash was untimely, it addressed the motion on the merits and concluded that there was reason to believe the information sought was relevant to a legitimate law enforcement inquiry. *Id.*

## CONCLUSION

For the foregoing reasons, the undersigned finds that Movants have failed to timely submit their challenges, and that the court thus lacks subject matter jurisdiction to adjudicate their challenges. In addition, the undersigned finds that movants have failed to demonstrate that Respondent's inquiry is not a legitimate law enforcement inquiry, or that the records requested are not relevant to Respondent's inquiry. Moreover, after *in camera* review of Respondent's submission, the undersigned finds that Respondent's inquiry is indeed a legitimate law enforcement inquiry, and that the records which are the subject of the inquiry are relevant to said inquiry.

It is, therefore, this 13th day of April, 2012,

**ORDERED** that Movants' Motion[s] for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Misc. No. 11–0636, Document No. 1; Misc. No. 11–0638, Document No. 1; Misc. No. 11–0639, Document No. 1) are **DENIED.**

---

5. "For purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.' So long as the material requested 'touches a matter under investigation,' 'an administrative subpoena will survive a challenge that the material is not relevant.' " *Lanier v. Department of Defense*, Civil Action No. 1:11mc34, 2011 WL 1659313, at *1 (S.D.Miss. April 29, 2011) (citations omitted).